

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARCIA L. SMITH                                              PLAINTIFF

V.                                 CIVIL ACTION NO. 3:17-cv-450 TSL-RHW

UNITED OF OMAHA LIFE INSURANCE COMPANY and
MUTUAL OF OMAHA INSURANCE COMPANY                      DEFENDANTS

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW Plaintiff Marcia L. Smith, by and through counsel, and files this civil action against United of Omaha Life Insurance Company and Mutual of Omaha Insurance Company (hereinafter collectively, "Defendants") for the purpose of obtaining relief from Defendants' refusal to pay long term disability benefits due under an employee benefits plan under ERISA, and for Defendants' other violations of the Employee Retirement Security Act of 1974, and Plaintiff would further show unto the Court the following, to wit:

**JURISDICTION AND VENUE**

1. This action is brought for wrongful denial of disability benefits pursuant to ERISA 502(a)(1)(A), 29 U.S.C. 1132(a)(1)(A).

2. This Court has original subject-matter jurisdiction of this civil action, which arises under the ERISA laws of the United States.

3. This Court has personal jurisdiction over the Defendants as they do business in the State of Mississippi

1

4.  Venue in this Court is proper under 28 U.S.C. 1391(b)(2), as a "substantial part of the events or omissions giving rise to the claim(s) occurred" in this district and 29 U.S.C. §1132(e)(2).

5.  Mrs. Smith has first timely appealed Defendants' denial of her disability benefits.

6.  On March 4, 2017, Defendants issued their denial of Mrs. Smith's appeal, informing her that she has exhausted all administrative rights of appeal and advising her of her right to bring civil action under Section 502(a) of ERISA.

7.  Mrs. Smith brings this action more than sixty (60) days after Defendants were provided written proof of loss and prior to three (3) years after the date when written proof of loss is required, in accordance with the policy.

## PARTIES

8.  Plaintiff Marcia L. Smith is currently and was at all relevant times, a resident of 261 Sunchase Drive, Brandon, Mississippi 39042.

9   Defendant United of Omaha Life Insurance Company is the party obligated to pay benefits and to determine eligibility for benefits under the long term disability insurance plan that is the subject of this lawsuit, is an insurance company authorized to transact business of insurance in Mississippi, is the underwriter for Group Policy GUC-0ALBV issued to Arlington Properties, Inc., and may be served through the Mississippi Insurance Department.

10. Defendant Mutual of Omaha Insurance Company is the party obligated to pay benefits and to determine eligibility for benefits under the long term disability insurance plan that is the subject of this lawsuit, and is an insurance company authorized to transact business of

insurance in Mississippi, is the underwriter for Group Policy GUC-0ALBV issued to Arlington Properties, Inc., and may be served through the Mississippi Insurance Department.

## STATEMENT OF CLAIM

11. Mrs. Smith was hired by Arlington Properties, Inc. on February 6, 2016, as a property manager at the Towne Hill Apartments located at 20 North Hill Parkway, Jackson, Mississippi 39206.

12. Mrs. Smith was a beneficiary under the ERISA Long Term Disability plan maintained by Arlington Properties, Inc, which became effective on March 1, 2016, and was administered by Defendants.

13. Mrs. Smith ceased working as a property manager for Arlington Properties, Inc., on June 1, 2016, because she was diagnosed with metastic ovarian cancer and had to undergo chemotherapy. She is still undergoing chemotherapy today for the metastic ovarian cancer.

14. On June 30, 2016, Mrs. Smith submitted her statement requesting Short Term Disability benefits, which was approved and reapproved for six (6) months. Defendants subsequently instructed Mrs. Smith to make an application for Long Term Disability benefits, which she did.

15. On January 13, 2017, Mrs. Smith's application for Long Term Disability benefits was denied by Defendants, who claimed her "current disabling condition is considered a Pre-existing Condition and excluded under the policy". The Denial Letter is attached as **Exhibit 1**, as if fully incorporated herein.

16. Defendants cite to their policy in the denial letter which reads:

"**Pre-existing Conditions**

We will not provide benefits for Disability:

3

> (a) caused by, contributed to by, or resulting from a Pre-existing Condition; and
>
> (b) which begins in the first 12 months after You are continuously insured under this Policy."
>
> A **Pre-existing Condition** means any Injury or Sickness for which You received medical treatment, advice or consultation, care or services including diagnostic measures, or had drugs or medicines prescribed or taken in the 3 months prior to the day You become insured under this Policy."

17. Mrs. Smith did not receive medical treatment, advice or consultation, care or services including diagnostic measures, or had drugs or medicines prescribed or taken in the three months prior to the day she became insured under the policy (December 1, 2015 – March 1, 2016) for metastic ovarian cancer.

18. Mrs. Smith was not diagnosed with metastic ovarian cancer until June 1, 2016, and then subsequently received medical treatment (chemo), advice, consultation, care, etc. Mrs. Smith appealed Defendant's denial of her Long Term Disability benefits.

19. On March 14, 2017, Defendants sent a letter denying Mrs. Smith's appeal. The Letter Denying the Appeal is attached as **Exhibit 2**, as if fully incorporated herein. In that letter Defendants state:

> Mrs. Smith's claim was denied on January 13, 2017. It was determined that she received medical treatment, advice or consultation, care or services, including diagnostic measures, or had drugs or medicines prescribed or taken **due to the diagnosis of Metastic Ovarian Cancer** in the three months prior to the day she became insured under the Policy. As a result, this condition was found to be Pre-Existing and no benefits were payable.
>
> …

> We have determined that Mrs. Smith did receive medical treatment, advice or consultation, care or services, including diagnostic measures, or had drugs or medicines prescribed or taken from December 1, 2015, through February 28, 2016, **due to the diagnosis of Metastic Ovarian Cancer**. Therefore, the decision to deny LTD benefits was appropriate. (emphasis added)

The diagnosis of metastic ovarian cancer was not made until June 1, 2016. Therefore, Mrs. Smith could not have received treatment, advice, etc. between December 1, 2015, and February 28, 2016, for something that was not diagnosed until June 1, 2016.

20. The entity that chose to deny benefits would pay any long term disability benefits out of its own funds.

21. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

22. The entity that made the decision to deny benefits allowed its concern over its own funds to influence its decision making.

## **CAUSE OF ACTION – WRONGFUL DENIAL OF LONG TERM DISABILITY BENEFITS UNDER ERISA 502(a)(1)(A)**

23. Plaintiff re-alleges and incorporates all averments set forth in Paragraphs 1 through 22 above as though specifically set forth herein and alleges that:

24. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined in the Plan.

25. Plaintiff is disabled under the terms of the Plan.

26. Defendant failed to provide benefits due under the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

27. The decision to deny benefits was wrong under the terms of the Plan.

28. The decision to deny benefits and decision-making process were arbitrary and capricious.

29. The decision to deny benefits was not supported by substantial evidence in the record.

30. The decision-making process did not comport with 29 U.S.C. § 1133's requirements that any notice of denial must contain the specific reasons for such denial, written in a manner calculated to be understood by the participant and must comport with the Department of Labor Regulations.

31. The decision-making process did not provide a reasonable opportunity to the Plaintiff for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.

32. The appellate procedures did not provide the Plaintiff a full and fair review.

33. As ERISA fiduciaries, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

34. The Defendants violated the fiduciary duties owed to the Plaintiff.

35. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

36. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court grant her the following relief in this case:

1. A finding in favor of Plaintiff and against Defendants;

2. Damages in the amount equal to the disability income benefits to which she was entitled through date of judgment for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and post judgment interest;

4. An Order requiring the Plain or appropriate Plan fiduciary to pay continuing benefits in the future so long as the Plaintiff remains disabled under the terms of the Plan;

5. Plaintiff's reasonable attorney's fees and costs; and

6. Such other relief as this Court deems just and proper.

Respectfully submitted this 2nd day of June, 2017.

                    MARCIA L. SMITH, PLAINTIFF

                    BY: *Christopher J. Weldy*
                    CHRISTOPHER J. WELDY, MSB# 103995
                    *Attorney for Plaintiff*
                    Weldy Law Firm, PLLC
                    105 North College Street
                    T. 601-624-7460
                    F. 866-900-4850
                    Chris@WeldyLawFirm.com