**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MARCIA L. SMITH**                                                                                    **PLAINTIFF**

**V.**                                                           **CIVIL ACTION NO. 3:17-CV-450-TSL-RHW**

**UNITED OF OMAHA LIFE INSURANCE COMPANY and
MUTUAL OF OMAHA INSURANCE COMPANY**                           **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL JUDGMENT**

Plaintiff Mrs. Smith brought this action to obtain judicial review of a denial of long term disability ("LTD") benefits pursuant to an ERISA benefit plan, under which Mrs. Smith was covered by virtue of her employment with Arlington Properties, Inc. Mrs. Smith ceased work due to her medical condition on June 1, 2016, due to her diagnosis of metastic ovarian cancer. Defendants denied LTD benefits, asserting that Mrs. Smith's metastic ovarian cancer was a pre-existing condition based upon her treatment for right pleural effusion during the "look back" period. Mrs. Smith has exhausted her administrative remedies, and her claim is properly before this court.

**FACTUAL HISTORY**

1. Mrs. Smith's application for Long Term Disability ("LTD") benefits was denied by Defendants based on the preexisting condition exclusion in her policy; her subsequent administrative appeal was denied on the same grounds on March 4, 2017.

2. On June 5, 2017, Mrs. Smith filed her Complaint against Defendants [1].

3. On July 28, 2017, Defendants filed their Answer and Affirmative Defenses [6]

4. On August 25, 2017, Defendants filed the administrative record [7].

5. On September 27, 2017, Defendants filed their supplement to the administrative record [9].

6. On October 16, 2017, Defendants filed their Motion for Summary Judgment [11] and Memorandum in Support of their Motion for Summary Judgment [12].

7. On October 16, 2017, Mrs. Smith filed her Motion for Judgment [13] and Memorandum in Support of her Motion for Judgment [14].

8. On October 30, 2017, Defendants filed their Response in Opposition to Plaintiff's Motion for Summary Judgment [15] and Defendants' Memorandum in Support of its Response [16].

9. On October 30, 2017, Mrs. Smith filed her Memorandum in Opposition to Defendants' Motion for Summary Judgment [17].

10. On November 6, 2017, Defendants filed their Reply Brief in Support of their Motion for Summary Judgment [18].

11. On November 6, 2017, Mrs. Smith filed her Reply Brief in Support of her Motion for Judgment [19].

12. On November 9, 2017, Mrs. Smith filed her Motion Seeking Leave to Supplement the Administrative Record [20] and her Memorandum in Support of her Motion [21].

13. On November 20, 2017, Defendants filed their Motion to Strike [22], their Memorandum in Support of the Motion to Strike[23], their Response in Opposition to Mrs. Smith's Motion Seeking Leave to Supplement the Administrative Record [24], and their corresponding Memorandum [25].

14. On November 27, 2017, Mrs. Smith filed her Reply in Support of her Motion for Leave to Supplement the Administrative Record [26].

15. On December 4, 2017, Mrs. Smith filed her Memorandum in Opposition to Defendants' Motion to Strike [27].

16. On December 11, 2017, Defendants filed their Reply in Support of their Motion to Strike [28].

17. On May 21, 2018, this Court entered its Order Granting Mrs. Smith's Motion for Judgment and denying Defendants' Motion for Summary Judgment [29]. The Court dismissed Defendant Mutual of Omaha Insurance Company but found that Defendant United of Omaha Life Insurance Company abused its discretion in denying Mrs. Smith LTD benefits based on the preexisting condition exclusion in her policy. The Court reserved ruling on Mrs. Smith's Motion Seeking Leave to Supplement the Administrative Record and Defendants' Motion to Strike until a hearing be had on those motions.

18. On June 4, 2018, this Court conducted a hearing on the two outstanding Motions.

19. On June 12, 2018, this Court entered its Order [31] denying Mrs. Smith's Motion Seeking Leave to Supplement the Administrative Record and granting Defendants' Motion to Strike. The Court remanded the case to the administrator for a determination of whether after December 7, 2016, Mrs. Smith was disabled and the amount of LTD benefits payable under the policy.

20. On August 6, 2018, Mrs. Smith provided Defendant with her updated medical records.

21. On August 14, 2018, United sent an email notifying this Court that the updated medical records support a finding that Mrs. Smith is disabled.

22. On August 23, 2018, this Court entered its Order [32] lifting the stay and ordering Defendant to file the supplemented administrative record on or before September 5, 2018.

23. On August 29, 2018, Defendant filed its Notice of Supplement to Administrative Record [33].

24. On August 29, 2018, a telephone conference was held before Magistrate Judge Robert H. Walker. The Court advised the parties that both counsel shall filed cross dispositive motions no later than September 29, 2018 so that Judge Lee may consider the entire administrative record before entering a final judgment.

25. On September 5, 2018, Defendant filed an additional Notice of Supplement to Administrative Record [34] and its supplement to the record. The supplement contained a letter dated August 31, 2018, advising Mrs. Smith that Defendant determined she met the definition of disabled under the policy from June 1, 2016 to present, while reserving their decision to deny her benefits based on the policy's Pre-Existing Condition provision. AR p. 2566.

## **ARGUMENT**

On May 21, 2018, this Court ruled that Defendant abused its discretion in denying Mrs. Smith LTD benefits based on the preexisting condition exclusion in her policy. The Court further remanded the case for Defendant to determine if Mrs. Smith was disabled and the amount of LTD benefits payable under the policy. Defendant has concluded that Mrs. Smith is disabled under the language of the policy from June 1, 2016 to present. However, Defendant maintains that no benefits are payable due to their interpretation of the policy's preexisting condition exclusion.

Mrs. Smith is in agreement with the Court's ruling that Defendant abused its discretion in denying her LTD benefits based on the preexisting condition exclusion. Defendant agrees with Mrs. Smith that she was disabled from June 1, 2016 to present. This case is ripe for a final judgment reinstating Mrs. Smith's LTD benefits, awarding her past benefits from January 2017

4

to present, interest on her past due benefits, attorney's fees and costs of court, and all other relief she may be entitled in law and equity.

Respectfully submitted, this the 19th day of September, 2018.

**MARCIA SMITH, PLAINTIFF**

/s/ Christopher J. Weldy
CHRISTOPHER J. WELDY, (MSB# 103995)
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

Weldy Law Firm, PLLC
105 North College Street
T. 601-624-7460
F. 866-900-4850
Chris@WeldyLawFirm.com

## **CERTIFICATE OF SERVICE**

  I, Christopher J. Weldy, do hereby certify that I have electronically filed the foregoing Plaintiff's Motion for Judgment with the clerk of the Court using the ECF system which sent notification of such filing to the following:

  Kelly D. Simpkins, Esquire
  Kevin A. Rogers, Esquire
  WELLS MARBLE & HURST, PLLC
  300 Concourse Boulevard, Suite 200
  Ridgeland, MS 39157
  Post Office Box 131
  Jackson, Mississippi 39205-0131
  Telephone: (601) 605-6900
  Facsimile: (601) 605-6901
  ksimpkins@wellsmar.com
  krogers@wellsmar.com

  SO CERTIFIED, this the 19th day of September, 2018.

                /s/ Christopher J. Weldy
                CHRISTOPHER J. WELDY